Ostrager v Chafetz (2025 NY Slip Op 00919)

Ostrager v Chafetz

2025 NY Slip Op 00919

Decided on February 18, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 18, 2025

Before: Kern, J.P., Moulton, Kapnick, Gesmer, Pitt-Burke, JJ. 

Index No. 655072/23 Appeal No. 3704 Case No. 2024-02173 

[*1]Glenn F. Ostrager et al., Plaintiffs-Appellants,
v
Randall Chafetz et al., Defendants-Respondents, Jonathan Strauss etc., Defendant.

Ostrager Chong Flaherty & Broitman P.C., New York (Glenn F. Ostrager of counsel), for appellants.
Davidoff Hutcher & Citron LLP, New York (Joshua S. Krakowsky of counsel), for respondents.

Order, Supreme Court, New York County (Gerald Lebovits, J.), entered March 27, 2024, which, in an action for specific performance, among other things, granted defendants sellers' motion to dismiss the complaint, directed the escrow agent to release plaintiffs-buyers' down payment to defendants, and denied plaintiffs' motion for a preliminary injunction, unanimously affirmed, with costs.
The contract for sale of the cooperative apartment required that the windows and the HVAC units be in "good working order" at the time of closing. Plaintiffs retained an architect to inspect the unit, and he concluded that, although old and showing some problems with caulking, the windows at issue opened, closed, stayed open, locked, and were properly aligned. He did not find any drafts or leaks. Similarly, the architect found two of the HVAC units to be operational, albeit "noisy" and close to the end of their "useful life." Plaintiffs annexed the architect's report to their verified complaint and incorporated it therein.
The action was properly dismissed, as plaintiffs' own architect concluded that the windows and HVAC units were in good working order. The phrase "good working order" is unambiguous and means "to be operational and performing its intended function" (Padovano v Vivian, 217 AD2d 868, 869-870 [3d Dept 1995]). Whether construed as a failure to state a claim or documentary evidence that dispositively refutes a claim, the architect's findings that the windows and HVAC units were in good working order are fatal to plaintiffs' claims under the contract.
Supreme Court did not abuse its discretion in finding that defendants buyers were entitled under CPLR 3211(c) to an award of summary judgment, releasing the down payment to them, as they expressly sought this relief in their notice of motion (see 1995 CAM LLC v West Side Advisors, LLC, 221 AD3d 420, 420 [1st Dept 2023]).
Finally, the only basis plaintiffs put forward for their claims seeking return of the down payment and to enjoin the sale of the apartment to a third party is that their breach of contract claims should survive. In light of the dismissal of plaintiffs' contract claims, the motion for a preliminary injunction was properly denied.
We have considered plaintiffs' remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 18, 2025